IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KELVIN NTOKOZO MATOBELA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-26-156-SLP |
| ) | |
| **SCARLET GRANT, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court are Petitioner's Petition for Writ of Habeas Corpus ("Petition"), (Doc. 1), Respondent's Response in Opposition to Petition for Writ of Habeas Corpus ("Response"), (Doc. 8), and Petitioner's Response to Respondent's Response in Opposition to Petition for Writ of Habeas Corpus ("Reply"), (Doc. 9). For the reasons set forth below, additional briefing with supporting documentation is necessary for the Court to determine whether Petitioner is entitled to relief.

Petitioner, proceeding with counsel, has filed a petition for writ of habeas corpus challenging his immigration detention. He alleges that his detention violates the Fifth Amendment's Due Process clause (Count I) and 8 C.F.R. § 236.1(c) (Count II). However, Petitioner's Due Process claim does little more than provide counsel's general thoughts and arguments on why civil detention must comport with due process. Aside from references to the Fifth Amendment, counsel provides no law in support of her musings. Similarly, Petitioner's three-sentence regulatory claim makes the conclusory statement that "[u]nder 8 C.F.R. § 236.1 re-detention absent materially changed circumstances is a

violation of this Federal Regulation," but cites no case law or other support. (Doc. 1, at 7). The regulation itself does not even contain the term "materially changed circumstances." The Petition also lacks any exhibits relevant to its claims.

Respondents assert that Petitioner is not entitled to relief on either of his claims. Respondents specifically allege that Petitioner's "Fifth Amendment claim does not specify whether he alleges a violation of procedural due process, substantive due process, or both," and that Petitioner's claim under 8 C.F.R. § 236.1 "does not provide fair notice of the claim or its grounds." (Doc. 8, at 7, 11). In Petitioner's Reply, he declines to address any of these issues and instead (1) raises a previously unpled claim that his re-detention violated 8 C.F.R. § 241.13(i)(3), (2) re-asserts his conclusory 8 C.F.R. § 236.1 claim, and (3) argues that he is not removable because he married a U.S. citizen in 2023.

It is a Petitioner's burden to establish "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's current briefing is woefully insufficient to inform the Respondents and the Court of his legal theories and to guide the undersigned to the applicable law and facts of this case. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Petitioner has counsel in this case, so the undersigned will not liberally construe his Petition to include claims or law that Petitioner's counsel failed to develop. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the undersigned is tempted to recommend that the Court deny the Petition for failure to properly state and develop the legal arguments, Petitioner is instead ordered to provide

2

supplemental briefing explaining why he is entitled to relief under both of his claims.[1]

**Petitioner's supplemental brief shall be filed no later than March 13, 2026. Respondents may file a supplemental brief no later than 14 days after Petitioner's brief is filed.** Both parties are instructed to attach all documents relevant to their supplemental briefing.

    **IT IS SO ORDERED** this 27th day of February, 2026.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is instructed not to address any claims that were raised for the first time in his Reply. "An issue or argument insufficiently raised in a party's opening brief is deemed waived." *SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009).

3